UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANE M. WOOD,<br><br>                              Plaintiff,<br><br>            -against-<br><br>PERDUE PHARMACEUTICAL COMPANY,<br><br>                              Defendant. | 21-CV-6447 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the Steuben County Jail in Bath, New York,

filed this complaint *pro se*. By order dated August 10, 2021, the Court granted Plaintiff's request

to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth

below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date

of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter

jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In his complaint, which names as the sole defendant the Perdue Pharmaceutical Company (Perdue), Plaintiff sets forth facts regarding two distinct and unrelated matters. First, Plaintiff alleges that, on July 7, 2021, he saw a news report about Perdue "openly admitting to mass producing opiates to create addiction [to] make capital gain. Settling for $200,000,000 over a span of 15 states." (ECF 1 at 1.) Plaintiff asserts that he "personally" [has] spent 15 years in

opioid abuse, which "destroyed" his life, and that he "died 3 times twice [and was] brought back by Narcan." (*Id.* at 2.) In a subsequently filed letter, Plaintiff states that he "would like to p[u]rsue a class action suit" (ECF 2 at 1.)

Second, Plaintiff asserts claims about events occurring in Steuben County, New York, on February 13, 2021 ("Steuben County claims"). On that day, Plaintiff was living at the Best Value Inn in Painted Post, New York, in a room paid for by the Department of Social Services. At approximately 6:00 p.m., without probable cause or a warrant, New York State Police officers kicked in Plaintiff's door without knocking. The officers used excessive force against Plaintiff, even though he was unarmed and cooperative. (ECF 1 at 3.) The officers searched Plaintiff's room and found nothing illegal. They then dragged Plaintiff out of the room, drove him to a nearby Walmart, and "paraded" him around because the officers believed that Plaintiff had assaulted someone there. According to Plaintiff, no charges were filed against him.[2]

## DISCUSSION

**A.    Claims about opioid addiction**

The complaint could be construed as asserting a products liability claim under the Court's diversity jurisdiction. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438

---

[2] Plaintiff refers to having received an "index number" from the "Supreme Court," and thus he may have already filed an action in state court regarding these events. (ECF 2 at 1.)

F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). At this stage, the Court will assume without deciding that it has diversity jurisdiction of this matter.

Under New York law, there are four separate theories under which a plaintiff may recover based upon a claim of products liability: (1) strict liability; (2) negligence; (3) express warranty; and (4) implied warranty. *See Hilaire v. DeWalt Indus. Tool Co.*, 54 F. Supp. 3d 223, 251 (E.D.N.Y. 2014); *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 106-07 (1983). To establish a *prima facie* case with regard to any of these four theories, the plaintiff must show that the product at issue was defective and that the defective product was the actual and proximate cause of his injury. *Voss*, 59 N.Y.2d at 107-09, *see also* 89 N.Y. Jur. 2d Products Liability § 2.

To state a failure-to-warn claim, a plaintiff must allege that "(1) the manufacturer had a duty to warn; (2) the manufacturer breached the duty to warn in a manner that rendered the product defective, [that is], reasonably certain to be dangerous; (3) the defect was the proximate cause of the plaintiff's injury; and (4) the plaintiff suffered loss or damage." *Bee v. Novartis Pharm. Corp.*, 18 F. Supp. 3d 268, 282–83 (E.D.N.Y. 2014) (citing *McCarthy v. Olin Corp.*, 119 F.3d 148, 156 (2d Cir. 1997)). Under New York law, failure to warn claims "are identical under strict liability and negligence theories of recovery." *Frei v. Taro Pharmaceuticals U.S.A., Inc.*, 443 F. Supp.3d 456, 465 (S.D.N.Y. 2020)

The complaint does not provide sufficient facts to state a products liability claim. Plaintiff sets forth general allegations about his history of opioid addiction and how much it ruined his life, but he does not make specific allegations about the products Defendant manufactures, sells, or markets, and he does not allege that he was prescribed or otherwise used that company's product and was injured by it. The Court grants Plaintiff leave to provide additional facts, should any exist, to support his claim against Perdue.

**B.      Motion to proceed as a class**

The statute governing appearances in federal court, 28 U.S.C. § 1654, allows two types of

representation: " that by an attorney admitted to the practice of law by a governmental regulatory

body, and that by a person representing himself." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d

Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)).

Because a nonlawyer cannot bring suit on behalf of others, a *pro se* plaintiff cannot act as a class

representative. *Rodriguez v. Eastman Kodak Co.*, 88 F. App' x 470, 470 (2d Cir. 2004) (citing

*Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)); *Phillips v. Tobin*, 548 F.2d 408, 412-15

(2d Cir. 1976).

Plaintiff is not an attorney, and may not represent any party other than himself.

Accordingly, Plaintiff's motion to have this matter proceed as a class action is denied.[3]

**C.      The Steuben County claims**

The Court liberally construes the Steuben County claims as arising under 42 U.S.C.

§ 1983. To state a section 1983 claim, a plaintiff must allege both that: (1) a right secured by the

Constitution or laws of the United States was violated, and (2) the right was violated by a person

acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

---

[3] A number of states have filed lawsuits against Perdue seeking funding for public health initiatives, and not for individual damages. *See, e.g.*, *In re Nat'l Prescription Opiate Litig.*, MDL 2804 (N.D. Ohio); *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 211 (2d Cir. 2013) (summarizing complaint as seeking recovery of "all the costs the Commonwealth . . . incurred in paying excessive and unnecessary prescription costs"; "all the costs expended for health care services and programs associated with the diagnosis and treatment of adverse health consequences of OxyContin use"; and "all the costs consumers have incurred in excessive and unnecessary prescription costs related to OxyContin."); *Commonwealth v. Purdue Pharma, L.P.* 1884CV01808BLS2, 2019 WL 5495866, at *2 (Mass. Super. Sept. 17, 2019) (discussing state court litigation in Alaska, Arkansas, Minnesota, New Hampshire, Oklahoma, Tennessee, and Vermont).

To state a claim under section 1983, a plaintiff must also allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

The facts alleged could give rise to viable section 1983 claims, but Plaintiff does not name any Defendants who were personally involved in the events underlying the Steuben County claims.

Moreover, venue for the Steuben County claims is not proper in this Court. Venue for section 1983 claims is governed by 28 U.S.C. § 1391(a), which provides:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

Steuben County, where the underlying events occurred and where any individuals personally involved in those events presumably reside, is located in the Western District of New

York. *See* 28 U.S.C. § 112(d). Plaintiff does not allege that any of the relevant events occurred within this District, or that any defendant resides in this District.

In addition, Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). Under Rule 20 of the Federal Rules of Civil Procedure, persons may be joined in one action as defendants if: "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Courts have the authority to deny joinder, or to order severance under Rule 21 of the Federal Rules of Civil Procedure, even without a finding that joinder is improper, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay." Wright & Miller, Fed. Prac. & Proc. § 1652 (3d ed.); *see Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (Fed. R. Civ. P. 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"). Plaintiff's claims against Perdue are not properly joined with the Steuben County claims.

In short, venue for the Steuben County claims is not proper in this Court, and those claims are not properly joined with the claims against Perdue. If Plaintiff wishes to pursue the Steuben County claims, he should file a new civil action in the Western District of New York.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In an abundance of caution, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts as outlined in his order. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-6447 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 27, 2021
         New York, New York

                              _____
                                     /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                              Chief United States District Judge

9

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name              Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                          State                          Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.     STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach
additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |


Date on which I am delivering this complaint to prison authorities for mailing: _____